

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

FILED
MAY 2 2 2017
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

IN THE MATTER OF

THE EXTRADITION OF

AGER MOHSIN HASAN

Case No: 1:17-mj-343
Assigned To: Magistrate Judge G. Michael Harvey
Date Assigned: 5/22/2017
Description: Arrest Warrant and Complaint

**MOTION TO SEAL COMPLAINT FOR PROVISIONAL ARREST, SUPPORTING PAPERWORK, AND ARREST WARRANT**

The United States of America, by its attorney, a Trial Attorney of the Criminal Division of the U.S. Department of Justice, hereby moves the Court to place under seal until further order of the Court the Complaint for Provisional Arrest with a View Towards Extradition, and any supporting documents and docket entries, and the Arrest Warrant in the above-captioned case, as well as the Government's Motion to Seal and this Court's Order sealing the aforesaid documents. In support of its motion, the government states as follows:

1. The sealing of a case is appropriate where there exists an extraordinary situation and a compelling government interest, see Washington Post v. Robinson, 935 F.2d 282, 289 (D.C. Cir. 1991), such as, taking a defendant into custody, see United States v. Michael, 180 F.2d 55, 57 (3d Cir. 1949); see also United States v. Sharpe, 995 F.2d 49 (5th Cir. 1993); United States v. Southland Corp., 760 F.2d 1366, 1379-80 (2d Cir. 1985); United States v. Lyles, 593 F.2d 182 (2d Cir. 1979) (a charging document may be sealed for any legitimate prosecutorial reason, including to take the defendant into custody and bring him or her before the court), or protecting an ongoing

criminal investigation. See generally Globe Newspaper v. Superior Court, 457 U.S. 596, 606-07 (1982); Press-Enterprise Co. v. Superior Court, 464 U.S. 501, 510 (1985).

2. In connection with this matter, the United States is seeking a provisional-arrest warrant with a view towards extradition on behalf of the Government of Canada. The government is concerned that public disclosure of the provisional-arrest warrant and related materials at this time could jeopardize future plans to secure the fugitive's arrest because such disclosure could result in his being alerted to his criminal liability, and cause him to take measures to flee or avoid capture. Concern for the need to apprehend the fugitive, and to do so in a manner consistent with officer safety constitutes a legitimate prosecutorial reason, particularly in this case where the United States has a treaty obligation to apprehend and extradite the fugitive. The government has thus articulated an appropriate basis, for an Order sealing the complaint for provisional arrest, any supporting documents and docket entries, the Arrest Warrant, this Motion, and any Order to Seal.

3. In addition, we request that the sealing Order permit disclosure of the complaint for provisional arrest, any supporting documents and docket entries, and the Arrest Warrant, to appropriate law enforcement and other personnel, both in the United States and internationally, to the extent that such disclosure is in furtherance of efforts to capture or detain the fugitive.

4. Because it is likely that the fugitive will be arrested in another judicial district, it is requested that the Court's order permit unsealing of the amended complaint for provisional arrest and any supporting documents and docket entries, by any United States District Court Judge or any United States Magistrate Judge, in any district, upon oral motion of the United States.

## CONCLUSION

WHEREFORE, for all the foregoing reasons, the United States of America respectfully requests that the Court issue an Order sealing (except to the limited extent specified herein) the complaint for provisional arrest filed in this matter on this date, as well as sealing any supporting documents and docket entries, the Arrest Warrant, this Motion, and the Court's sealing Order, until further order of this Court or another Court. A proposed Order is submitted herewith.

Respectfully submitted,

VAUGHN A. ARY
Director
Office of International Affairs
OK Bar No. 12199

By: _____
Andrew Finkelman
Bar DC. # 990870
Trial Attorney
Office of International Affairs
U.S. Department of Justice
1301 New York Avenue, NW
Washington, DC 2005
202-353-0572